IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRILL HILL, | No. CIV S-11-2457-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| GARY SWARTHOUT, | |
| Respondent. | |
| _____/ | |

       Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the denial of parole. Pending before the court is petitioner's petition for a writ of habeas corpus (Doc. 1).

       Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain that petitioner is not entitled to federal habeas relief. Petitioner claims that the denial of parole under "Marsy's Law" for a longer period than allowed under the law at the time he was convicted constitutes a prohibited ex post facto law. This claim has been foreclosed by the Ninth Circuit. See Gilman v. Schwarzenegger, 638 F.3d 1101 (9th Cir. 2011).

1

1       Based on the foregoing, petitioner is required to show cause in writing, within 30 days of the date of this order, why his petition for a writ of habeas corpus should not be summarily dismissed.  Petitioner is warned that failure to respond to this order may result in dismissal of the petition the reasons outlined above, as well as for failure to prosecute and comply with court rules and orders.  See Local Rule 110.

      IT IS SO ORDERED.

DATED: November 14, 2011

                                            */s/ Craig M. Kellison*
                                            **CRAIG M. KELLISON**
                                            UNITED STATES MAGISTRATE JUDGE