IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRILL HILL, | No. CIV S-11-2457-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| GARY SWARTHOUT, | |
| Respondent. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the denial of parole. Petitioner has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.

On November 15, 2011, the court directed petitioner to show cause in writing within 30 days why this action should not be summarily dismissed because petitioner's claim has no merit. See Gilman v. Schwarzenegger, 638 F.3d 1101 (9th Cir. 2011). Petitioner was cautioned that failure to respond could result in dismissal of the action. See Local Rule 110. To date, petitioner has not filed a response.

///

1

1    The court must weigh five factors before imposing the harsh sanction of
2 dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v.
3 U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's
4 interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3)
5 the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on
6 their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran,
7 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an
8 appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.
9 See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is
10 appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421,
11 1423 (9th Cir. 1986).

12    Having considered these factors, and for the reasons stated in the court's
13 November 15, 2011, order to show cause the court finds that dismissal of the action is
14 appropriate.

15    Pursuant to Rule 11(a) of the Federal Rules Governing Section 2254 Cases, the
16 court has considered whether to issue a certificate of appealability.  Before petitioner can appeal
17 this decision, a certificate of appealability must issue.  See 28 U.S.C. § 2253(c); Fed. R. App. P.
18 22(b).  Where the petition is denied on the merits, a certificate of appealability may issue under
19 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a
20 constitutional right." 28 U.S.C. § 2253(c)(2).  The court must either issue a certificate of
21 appealability indicating which issues satisfy the required showing or must state the reasons why
22 such a certificate should not issue.  See Fed. R. App. P. 22(b).  Where the petition is dismissed
23 on procedural grounds, a certificate of appealability "should issue if the prisoner can show:  (1)
24 'that jurists of reason would find it debatable whether the district court was correct in its
25 procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition
26 states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775,

780 (9th Cir. 2000) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 120 S.Ct. 1595, 1604 (2000)). For the reasons set forth in the November 15, 2011, order to show cause, and given petitioner's lack of prosecution and failure to comply with court orders, the court finds that issuance of a certificate of appealability is not warranted in this case.

      Accordingly, IT IS HEREBY ORDERED that:

1. This action is summarily dismissed;
2. All pending motions (Doc. 6) are denied as moot;
3. The court declines to issue a certificate of appealability; and
4. The Clerk of the Court is directed to enter judgment and close this file.

DATED: December 29, 2011

                                                                           
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE